```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
```

UNITED AUTOMOBILE, AEROSPACE,
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA INTERNATIONAL UNION, et
al.,

      Plaintiffs

          v.

LUIS A. FORTUÑO, et al.,

      Defendants

CIVIL NO. 09-1339 (JP)

## OPINION AND ORDER

"It is the proud boast of our democracy that we have 'a government of laws and not of men.'" Morrison v. Olson, 487 U.S. 654, 697 (1988) (Scalia, J., dissenting). "Law alone saves a society from being rent by internecine strife or ruled by mere brute power however disguised." US v. United Mine Workers of America, 330 U.S. 258, 308 (1947) (Frankfurter, J., concurring). The case before the Court today brings to the forefront this principle which is central to our government.

Now before the Court is Defendants' motion to dismiss (**No. 49**) and Plaintiffs' opposition thereto (No. 56). Plaintiffs have filed the instant lawsuit pursuant to Article I, Section 10 (the "Contracts Clause"); 42 U.S.C. § 1983 ("Section 1983") based on violations of the Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution; and the Declaratory Judgment Act, 28 U.S.C.

CIVIL NO. 09-1339 (JP)          -2-

§§ 2201-2202; to enjoin Defendants from implementing phases one through three of Public Law No. 7 of March 9, 2009 ("Law 7"). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

I.   **INTRODUCTION AND BACKGROUND**

On February 25, 1998, the government of Puerto Rico enacted Public Law No. 45 ("Law 45"), P.R. Laws Ann. tit. 3, § 1451 *et seq.*, authorizing public employees to organize into unions for the purpose of collective bargaining as to their salaries and other conditions of their employment. Law 45 requires employees to include in their collective bargaining agreements a provision to settle disputes through a grievance and arbitration procedure. Law 45 also created the Public Service Labor Relations Commission (the "PSLRC") and gave the PSLRC exclusive jurisdiction to adjudicate all labor disputes arising under the collective bargaining agreements. Section 5.1 of Law 45 created an obligation for government agencies to negotiate with the exclusive bargaining representative as to salaries and other conditions of employment for the public employees within the appropriate units.

Currently, more than fifty government agencies have in place collective bargaining agreements pursuant to Law 45. Plaintiffs allege that said agreements are contractual obligations that include economic and non-economic clauses, covering over fifty thousand government employees. Law 45 provides for a compulsory arbitration

CIVIL NO. 09-1339 (JP)			-3-

process in the case of an impasse in the negotiations between the exclusive bargaining representative and the government agency. Compulsory arbitration decisions involving economic issues are final and binding.

On March 9, 2009, Defendants signed Law 7, known as the "Law Declaring a Fiscal State of Emergency and Establishing Comprehensive Fiscal Stabilization Plan to Save Puerto Rico Credit." Law 7 states, *inter alia*, that Puerto Rico is in a fiscal state of emergency, and that the purpose of the law is to deal with the economic crisis through a three phase plan. The first phase, which was implemented upon the signing of Law 7, asked certain public employees to accept a permanent reduction of one day of work during every two-week period, and also asked for public employees to voluntarily resign from their employment.

The second phase, to be implemented if the first phase failed to achieve its objectives, involves the termination of public employees. Plaintiffs allege that up to 40,000 public employees could be laid off from their employment during this phase.

The third phase of Law 7, which was also effective the same day said law was enacted, temporarily repeals the government agencies' obligation to extend or negotiate expired contracts or contracts which expire within the next two years. Plaintiffs allege that by enacting Law 7, the government of Puerto Rico temporarily suspended

CIVIL NO. 09-1339 (JP)           -4-

any contractual obligations under valid and enforceable collective bargaining agreements.

Plaintiffs in this case are a number of labor unions, both at the national and local level, as well as public employees who are members of said unions. Plaintiffs allege that on its face, Law 7 deprives Plaintiffs of their rights under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico, and also their statutory and contractual rights under Law 45. Specifically, Plaintiffs allege that it deprives public career employees of their property interest in their position as government employees.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The United States Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

CIVIL NO. 09-1339 (JP)            -5-

Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants bring the instant motion to dismiss arguing that Plaintiffs have failed to state a cause of action for their Contracts Clause claims, Fifth Amendment and Fourteenth Amendment claims, Ninth Amendment claims, and Tenth Amendment claims. The Court will now consider Defendants' arguments.

#### A. **Contracts Clause Claim**

Plaintiffs set forth two principle arguments in support of their contention that Law 7 violates the Contracts Clause. First, Plaintiffs argue that Law 7 violated the statutory covenant rights created by Law 45. Second, they argue that Law 7 substantially impairs contracts by suspending large portions of the collective bargaining agreements ("CBA") and the ensuing layoffs.

The Contracts Clause protects individuals and other legal entities who have freely entered into contracts from retroactive litigation impairing the obligations under those contracts. See U.S. Const. Art. I, § 10; see also Redondo Constr. Corp. v. Izquierdo, 550 F. Supp. 2d 257, 265 (D.P.R. 2008). Specifically, it

CIVIL NO. 09-1339 (JP)          -6-

provides that "[n]o state shall . . . pass any . . . [l]aw impairing the [o]bligation of [c]ontracts . . ." See U.S. Const. Art. I, § 10.

For a plaintiff to prevail on a Contracts Clause claim, a two part test applies. The first inquiry is "whether a change in state law has resulted in the substantial impairment of a contractual relationship." Parella v. Retirement Bd. of the Rhode Island Employees' Retirement System, 173 F.3d 46, 59 (1st Cir. 1999) (internal quotation marks and citations omitted). This inquiry is broken down into three separate elements: (1) whether there is a contractual relationship, (2) whether a change in law impairs that contractual relationship, and (3) whether the impairment is substantial. Id. If these three elements are all answered affirmatively, the second inquiry is for the Court to determine "whether or not the impairment is nonetheless justified as reasonable and necessary to serve an important public purpose." Id. (quoting United States Trust Co. v. New Jersey, 431 U.S. 1, 25 (1977)).

The First Circuit has held that the Contracts Clause is applicable to contracts entered into by the state, but typically "state statutory enactments do not of their own force create a contract with those whom the statute benefits." Hoffman v. Warwick, 909 F.2d 608, 614 (1st Cir. 1990). As to the second inquiry stated above, this Court has held that "when a state itself is a party to a contract, a court must scrutinize the state's asserted purpose with an extra measure of vigilance." Mercado-Boneta v. Fernández,

CIVIL NO. 09-1339 (JP)          -7-

950 F. Supp. 432, 433 (D.P.R. 1996) (citing United States Trust Co. v. New Jersey, 431 U.S. 1, 25 (1977)).  The First Circuit stated that:

> [A] state must do more than mouth the vocabulary of the public weal in order to reach safe harbor; a vaguely worded or pretextual objective, or one that reasonably may be attained without substantially impairing the contract rights of private parties, will not serve to avoid the full impact of the Contracts Clause.

McGrath v. Rhode Island Retirement Board, 88 F.3d 12, 16 (1st Cir. 1996).  However, the First Circuit has held that "even a state law that creates a substantial impairment does not transgress the Contract Clause as long as it is appropriate for, and necessary to, the accomplishment of a legitimate public purpose."  Houlton Citizens' Coalition v. Town of Houlton, 175 F.3d 178, 191 (1st Cir. 1999) (citations omitted).

### 1.    Statutory Covenant Created by Law 45

Plaintiffs argue, relying on U.S. Trust Company of N.Y. v. New Jersey, 431 U.S. 1 (1977), that Defendants violated the Contracts Clause by breaching the statutory covenant created by Law 45. Plaintiffs argue that Section 1451j of Law 45 creates a statutory covenant by binding state agencies to negotiate in good faith with bargaining representatives as to certain provisions. According to Plaintiffs, when Law 7 was enacted, said statutory covenant was breached because Law 7 temporarily suspends the mandatory bargaining required by Law 45.

CIVIL NO. 09-1339 (JP)          -8-

After considering the parties arguments, the Court finds Plaintiffs' argument unavailing. First, the Court notes that our democracy is based on the principle that law is but a means while justice is the end. As such, the laws enacted by the legislative body are based on the concept of justice as conceived by the legislators, who are elected for that very purpose by the people.

In the instant case, Plaintiffs' right to engage in collective bargaining stems from Law 45, which was created by the legislature. The First Circuit has held that a statutorily created right such as this can be suspended through subsequent legislation. See R.I. Bhd. of Corr. Officers v. Rhode Island, 357 F.3d 42, 47 (1st Cir. 2004) (stating that state legislation does not ordinarily create private contractual rights).

Recognizing that state legislation is generally subject to modification, the United States Supreme Court requires the legislature's intent to create private contractual rights to be unmistakably clear; even when contractual rights do exist, the legislature may abrogate them under certain circumstances. Id. at 45-47 (citations omitted); see also Parker v. Wakelin, 123 F.3d 1, 5 (1st Cir. 1997) (stating that "in order to deem a state legislative enactment a contract for the purposes of the Contract Clause, there must be a clear indication that the legislature intends to bind itself in a contractual manner").

CIVIL NO. 09-1339 (JP)         -9-

In the instant case, Plaintiffs have not provided the Court with any evidence or argumentation that the Puerto Rico legislature sought to permanently bind itself with regard to the contractual aspect of Law 45. Instead, Plaintiffs rely on U.S. Trust Company of N.Y. Plaintiffs argue that there is a statutory covenant here because, as in U.S. Trust Company of N.Y., Law 45 limits the ability of the Government of Puerto Rico to act freely in certain areas. This argument misses the mark.

That case is distinguishable because, unlike here, the statutory language in that case reflected a clear legislative intent to create a contract and thus there was a contractual obligation. See U.S. Trust Company of N.Y., 431 U.S. at 17-18 ("[t]he intent to make a contract is clear from the statutory language"). As explained above, Plaintiffs have failed to show that the Puerto Rico legislature unmistakably sought to contractually bind the state through the enactment of Law 45. As such, the Court concludes that Law 7's temporary suspension of mandatory bargaining does not infringe upon any contractual obligations under Law 45. Because no contractual rights were created by Law 45, there can be no Contracts Clause violation due to an alleged breach of such rights. Thus, Plaintiffs' Contracts Clause claims cannot proceed under this theory of the case.

### 2.  Suspension of Parts of CBAs and Ensuing Layoffs

Plaintiffs argue that the CBAs negotiated with Defendants constitute valid contractual relationships between the parties and

CIVIL NO. 09-1339 (JP)          -10-

that Law 7 substantially impairs these relationships by suspending large portions of the agreements. See Buffalo Teacher's Fed'n v. Tobe, 464 F.3d 362 (2nd Cir. 2006). Also, Plaintiffs argue that such suspensions and the ensuing layoffs are unreasonable and unnecessary vehicles for meeting the stated goal of closing a $3,000,000,000.00 deficit in the general fund. Seltezer v. Cochrane, 104 F.3d 234, 236 (9th Cir. 1996). The Court will focus its analysis on whether the suspension of the CBAs and the ensuing layoffs are unreasonable and unnecessary because it is the dispositive issue.

Plaintiffs first allege that the suspension of the CBAs and ensuing layoffs that are mandated by Law 7 are unreasonable and unnecessary because "[e]ven though [Law] 7 provides that no employees whose positions are funded by federal dollars are to be laid off, [] many of the employees that have received layoff notices pursuant to [Law] 7 are paid with **FEDERAL** funds, not **LOCAL** funds." Said argument fails. As Plaintiffs themselves admit, Law 7 itself provides that no positions which are federally funded are to be laid off. Plaintiffs allegations do not show that the law, as laid out, is unreasonable or unnecessary. Instead, said allegations would only support a conclusion that Government officials are applying Law 7 incorrectly.

Plaintiffs next allege that discovery should be allowed to determine whether the federal funds received by Puerto Rico from the Department of Education and the Reinvestment Act are sufficient to solve the budget deficit. They argue that the government of Puerto

CIVIL NO. 09-1339 (JP)            -11-

Rico is poised to receive over $416,000,000.00 in funds from Title I, the Reinvestment Act and other education grants. Also, Plaintiffs claim that the government of Puerto Rico has only spent $38,000,000.00 of said funds to date.

Even taking Plaintiffs' allegations as true, the Court finds that Plaintiffs have failed to bring forth sufficient facts to plausibly show that Law 7 would be an unreasonable and unnecessary method of reaching the stated goal of solving the three billion dollar deficit. Even if the government did have an extra four hundred million dollars, that amount would in no way come near to solving the three billion dollar deficit. Moreover, Plaintiffs argument fails because they have not cited any authority or even alleged that the government of Puerto Rico would be allowed to use that money to solve the budget deficit.

As such, the Court finds that Plaintiffs have not alleged sufficient facts to plausibly support their allegation that suspension of parts of the CBAs and the subsequent layoffs are an unreasonable or unnecessary response to Puerto Rico's government deficit. Thus, Plaintiffs' argument that said actions are in violation of the Contracts Clause must fail. Accordingly, the Court will dismiss the Federal Contracts Clause claims with prejudice.

**B.   Fifth and Fourteenth Amendment Claims**

CIVIL NO. 09-1339 (JP)          -12-

Plaintiffs also bring claims under the Fourteenth Amendment and Fifth Amendment due process clause.[1] Plaintiffs allege that they have a property interest in their jobs as career employees. Also, they allege that their property interest will be taken without due process because they will not be given a pre-termination hearing.

To succeed on a procedural due process claim, plaintiff must show that he or she was deprived of a life, liberty, or property interest without the requisite minimum measure of procedural protection warranted under the circumstances. See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996). Property interests are not created by the Constitution, but instead are created by independent sources such as state law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Under Puerto Rico law, career or tenured employees have property rights in their continued employment. E.g., Marrero-Gutierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007); Gonzalez-De-Blasini v. Family Department, 377 F.3d 81, 86 (1st Cir. 2004).

Normally, when a protected interest is being taken away from an individual, said individual is entitled to some kind of prior hearing. See Board of Regents, 408 U.S. at 569-70. However, an

---

[1] Defendants seem to be under the impression that Plaintiffs are also arguing for a Takings Claim violation under the Fifth Amendment. However, the complaint only presents allegations as to a Fifth Amendment Due Process Clause violation. Moreover, in their opposition to the motion to dismiss, Plaintiffs do not raise a single argument as to the Takings Clause and instead focus their Fifth Amendment argument on the Due Process Clause. As a result, the Court will only consider the Fifth Amendment Due Process Claim.

CIVIL NO. 09-1339 (JP)            -13-

individual will not always be entitled to a prior hearing when a protected interest is at stake. See id. at 570 n.7 (citing Boddie v. Conneticut, 401 U.S. 371, 379 (1971)).

An exception to the hearing requirement is the "reorganization exception." Duffy v. Sarault, 892 F.2d 139, 147 (1st Cir. 1989) (citing Misek v. City of Chicago, 783 F.2d 98, 100-01 (7th Cir. 1986)). This exception applies when a reorganization or cost-cutting measure results in the dismissal of employees. Id. In such instances, employees are not entitled to a pre-termination hearing, as long as the reorganization or cost-cutting measure is not merely pre-textual. Id. "Because reorganizations often affect numerous employees, the governmental interest in efficient administration may weigh more heavily in such circumstances." Whalen v. Mass. Trial Court, 397 F.3d 19, 25 (1st Cir. 2005).

Even taking Plaintiffs' allegations as true, the Court determines that Plaintiffs' due process claims fail. The Court finds that the layoffs proposed by Law 7 are a cost-cutting and/or reorganization measure.[2] As such, they fall under the reorganization exception. The layoffs proposed by Law 7 also qualify for the reorganization exception because Law 7 calls for layoffs based on seniority. See Whalen, 397 F.3d at 25 (finding that reorganization

---

[2] The Court notes that Plaintiffs made no arguments as to the reorganization exception. This is surprising because, in the denial of Plaintiffs' motion for a preliminary injunction (No. 42), the Court made clear that it considered the issue of the reorganization exception an important one.

CIVIL NO. 09-1339 (JP)        -14-

exception applies when people are laid off based on seniority). Also, these layoffs are not a pretext because it is unquestionable that Puerto Rico is in a serious financial crisis. The layoffs are simply the method chosen by the government to solve the aforementioned financial crisis. Also, as Plaintiffs state, the Law 7 plan might require laying-off up to 40,000 people. The Court finds that the large number of employees who might be laid off and the need for immediate action to solve the financial crisis make "the governmental interest in efficient administration [] weigh more heavily" than the employees right to a pre-termination hearing. Id. As such, the Court concludes that Plaintiffs are not entitled to a pre-termination hearing.

Accordingly, the Court will dismiss Plaintiffs' due process claims with prejudice.

**C.   Ninth Amendment Claims and Tenth Amendment Claims**

In their complaint, Plaintiffs mention the Ninth and Tenth Amendments as a basis for jurisdiction in this case. However, neither in the Complaint nor in their opposition to the motion to dismiss do Plaintiffs ever again mention the Ninth and Tenth Amendments. Without any facts or arguments to support said claims, the Court finds that Plaintiffs have failed to state a claim for relief in the complaint that is plausible on its face. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007). Accordingly, the Court dismisses the Ninth and Tenth Amendment claims with prejudice.

CIVIL NO. 09-1339 (JP)          -15-

### D.  Puerto Rico Law Claims

Plaintiffs also bring claims arising under Puerto Rico law. Dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]").

In the instant case, the Court chooses not to hear the state law claims brought by Plaintiffs.  Therefore, the Court will dismiss the state law claims without prejudice.

### IV.  CONCLUSION

In conclusion, the Court hereby **GRANTS** Defendants' motion to dismiss. A separate judgment will be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 14th day of December, 2009.

                                             S/Jaime Pieras, Jr.
                                                      JAIME PIERAS, JR.
                                              U.S. SENIOR DISTRICT JUDGE